IN THE

# SUPREME COURT

OF THE

# TERRITORY OF WYOMING.

## JANUARY TERM, 1884.

DONOVAN v. TERRITORY.

(February, 1884.)

SUMMONING JURY — CERTIFICATION BY CLERK — WRITS OF ERROR — PRACTICE — SUSPENSION OF SENTENCE.

1. The omission by the clerk of a district court of the word "court" in certifying the drawing of grand and petit jurors at a term of a "judicial district" court is no cause for the supreme court to allow a writ of error in a criminal case, where the certificate shows that the drawing was had in the county clerk's office by the county clerk, sheriff, and two justices of the peace, and there was at the time no other court in that county for which jurors could have been drawn.

2. Rev. St. U. S. § 1869, allows writs of error from the final decisions of the district courts, under such regulations as may be prescribed by law. Held, that a criminal, feeling aggrieved, may file, with his petition for a writ of error, a transcript of the record, and the supreme court will allow the writ if, on inspection of the transcript, there seem to be errors in the record, which should be reviewed, and suspend the execution of the sentence.

Error to district court.

Leroy Donovan, alias Jack Lee, was convicted and sentenced to death. From the judgment and sentence, and an order denying his motion for a new trial, he appeals by petition for a writ of error. Affirmed.

Blake & Brown, for plaintiff in error.
Merrill & Corlett, for the Territory.

SENER, C. J. Leroy Donovan, alias Jack Lee, by counsel, applies by petition for a writ of error to a judgment and sentence of death rendered against him in the district court in and for the Third judicial district, sitting in and for Carbon county, on the twenty-third of October, 1883, in order to bring the case as shown by the record into this court for review. There is filed with said petition and made a part of it a transcript of the record. From an examination of said transcript it appears that a motion for a new trial was made in the court below on the eighteenth of October, 1883, which was argued and denied, and to the court's order of denial an exception was taken, and there the matter ended. There was no bill of exceptions taken, and no time was asked for in order that a bill of exceptions might be prepared and presented. The district court for the county of Carbon has adjourned for the term, and it is now too late to bring the evidence and any record into this court for review, save such as is presented in the transcript before us.

The only question which the record pre-

Donovan v. Territory.

sented is the action of the court below in sustaining a demurrer to a plea in abatement to the indictment. The ground on which it was sought to avoid the indictment by plea in abatement was, as shown by the record, this: The certificate of the county clerk, sheriff, and justices of the peace, as returned to the clerk of the district court, certified certain named persons "drawn to serve as grand and petit jurors at the September term of the Third judicial district of the territory of Wyoming, to be held in Sweetwater county, September 17, 1883," the word "court" being omitted from the certificate. It is not pretended that the jurors, grand and petit, were not drawn as required by law; but for this defect, *i. e.*, the omission of the word "court" after the word "district" in the certificate, it is claimed that the indictment should have been abated. The certificate shows the drawing was had in the clerk's office of the county clerk of Sweetwater by the county clerk, sheriff, and two justices of the peace. We judicially know that the first day of the term of court for that county was on the seventeenth of September, 1883, and that, under the laws of this territory, there was no other court in that county, at that time, for which jurors, grand and petit, or grand or petit, could have been drawn, except the district court for Sweetwater county, in the Third judicial district, which court, by the laws of this territory, had jurisdiction of offenses such as the one charged in the indictment against this convict.

The trial court properly disposed of a demurrer to this plea in abatement to the indictment by sustaining it, even if it he conceded that this was the proper way to reach and take advantage of such an objection. Sections 188-191, c. 14, Comp. Laws, point out how criminal cases on writs of error may be brought into this court for review, and provide that writs of error may be allowed by this court, or any two judges thereof, in cases punished capitally, for good cause shown. Here there is not only no good cause shown, but absolutely no cause.

It is provided by section 1869 of the Revised Statutes of the United States that writs of error shall in all cases be allowed from the final decisions of the district courts, under such regulations as may be prescribed by law. The regulations to be prescribed by law, we take it, mean, the rules of law by which this right is to be exercised. It does not mean that every criminal shall have the right to suspend and supersede the judgment of the district court, for such judgments import verity, and that they were correctly rendered until the contrary be affirmatively shown. It means that where a criminal feels aggrieved he may file, as in this case, a transcript of the record, together with his petition, which the court or judges shall inspect, and if there shall seem upon such inspection to be error in the record which should be reviewed, then the supreme court or judges will allow the writ of error, suspend the execution of the sentence, order argument, and fully consider the case. In civil cases the writ of error is a writ of right, because no party can supersede a judgment in a civil case until he, she, or they shall have executed an undertaking with good and sufficient security to pay all costs, interest, and damages to the extent of 5 per cent., if it shall turn out that there was no good cause for suing out such writ of error and having the case determined in the appellate court, or if it shall appear to an appellate court that the writ of error was prosecuted for delay only. If in criminal cases judgments and sentences of the district courts could be superseded and suspended at the whim of criminals, or merely at the suggestion of counsel, it is not hard to see that the Criminal Code of the territory might easily be set at naught. Such was never the intention of congress or the territorial legislature, and its legislation is in harmony with the law of congress. We have no hesitation in pronouncing such an act as that of this territory, regulating writs of error in criminal cases, to be in the line of legislation contemplated by congress as the regulation prescribed by law governing such writs of error. This court, acting under it, are unanimously of opinion that there is no error in this record, and not only no good cause shown, but no cause shown why a writ of error should be granted.

Writ of error unanimously denied.